UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LABORATOIRES EXPANSCIENCE, S.A.,

        Plaintiff,

vs.

CYVEX TECHNOLOGIES, INC. d/b/a
CYVEX CORPORATION,

        Defendant.
_____/

CASE NO. _____

03-20968
CIV-HUCK

MAGISTRATE
BANDSTRA

## COMPLAINT

Plaintiff, Laboratoires Expanscience S.A. ("Expanscience" or "Plaintiff"), by its attorneys, sues Defendant, Cyvex Technologies, Inc. d/b/a Cyvex Corporation ("Cyvex" or "Defendant"), and alleges:

### NATURE OF THE ACTION

1. This is an action for unfair competition and false advertising under the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.* as amended (the "Lanham Act"), and deceptive acts and unfair trade practices, unfair competition and unjust enrichment under the laws of the State of Florida. Expanscience seeks a preliminary and permanent injunction to enjoin Cyvex from engaging in conduct which is unfairly competitive and constitutes false advertising by misleading the public in its promotional material and public statements for its product called AvoFlex™ ASU ("Avoflex") and from damaging Plaintiff's reputation and misleading the public. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost profits, damages and irreparable harm to its business and the goodwill associated therewith. Through this Complaint, Plaintiff seeks, in addition to injunctive relief, an accounting, recovery of lost profits,



Case No._____

and compensatory, enhanced, punitive and/or statutory damages in an amount to be determined at trial.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the related state law claims for common law unfair competition, deceptive and dishonest acts and practices, injury to reputation, false advertising and unjust enrichment pursuant to 28 U.S.C. § 1338(b) and/or section 1367 because the state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.  This Court has personal jurisdiction over the Defendant pursuant to the United States Constitution and the long arm statute for the State of Florida, §48.193, Fla.Stat. (2002), because based on information and belief, Defendant is engaged in substantial and not isolated activity within Florida, whether such activity is wholly interstate, intrastate, or otherwise, because Defendant has committed a tortious act within Florida, and because Cyvex distributes its products throughout the United States and its business is conducted over the internet. Plaintiff's primary purchaser, exclusive licensee and distributor in the United States, Rexall Sundown, Inc., is located and has its headquarters and manufacturing facilities in and near Boca Raton, Florida, and therefore, the Defendants' tortious activities caused the Plaintiff to suffer harm in Florida.

2

Case No._____

4. Venue is proper and convenient in this District pursuant to 28 U.S.C. § 1391 in that this is a District in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred and because Defendant conducts business within this District.

## THE PARTIES

5. Plaintiff Expanscience, a French company, is organized and exists under the laws of France, with its principal place of business located at 10, Avenue de l'Arche, 92419 Courbevoie Cedex, France. Expanscience is engaged in the manufacture, distribution and sale of an avocado soy unsaponifiable ("ASU"). Expanscience owns intellectual property rights in ASU and is the owner of several patents for the use of ASU for treating the symptoms of arthritis. Plaintiff Expanscience will soon commence distributing its ASU products for use in the neutraceutical market in the United States pursuant to an exclusive contractual relationship with Rexall Sundown, Inc., a corporation duly existing and organized under the laws of the State of Florida, having its principal place of business at 6111 Broken Sound Parkway N.W., Boca Raton, Florida 33487.

6. Defendant Cyvex is organized and exists under the laws of California, with its principal place of business located at 1851 Kaiser Ave., Irvine, CA 92614. Defendant is engaged in the manufacture, distribution, sale, offer for sale and advertisement of Avoflex in the United States and within this District.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

7. Plaintiff is the owner of intellectual property rights for its ASU products and is the owner of several patents for the use of ASUs in treating the symptoms of osteoarthritis.

3

Case No._____

8. Plaintiff has expended considerable time, effort and money in conducting research to test the use and prove the efficacy of ASU in treating the symptoms of osteoarthritis.

9. Upon information and belief, Defendant advertises and offers for sale a product called Avoflex. Defendant advertises that Avoflex contains ASU. Additionally, Cyvex has advertised and/or has otherwise publicly stated that Avoflex can be efficaciously used to treat the inflammatory symptoms of osteoarthritis. See Composite Exhibit "A," advertisement for Avoflex and website press release for Avoflex in the U.S. market.

10. Notably, Cyvex has stated in its advertising that:

"Clinical Studies Published in Peer-Reviewed Scientific Journals show that ASU: Inhibits pro-inflammatory cytokines (interleukin-1)...Increases synthesis of collagen by articular chondrocytes and sinoviocytes...Stimulates production of proteoglycans in chondrocytes affected by arthritis...Reduces the need for analgesics or non-steroidal anti-inflammatory drugs (NSAIDS)...AvoFlex$^{TM}$ is an all-natural plant product standardized to contain a minimum of 10% avocado/soy unsaponifiables. ASU has been shown to reduce inflammation and pain in the joints of patients suffering from osteoarthritis. The effects of ASU are also lasting, decreasing the need for patients to use anti-inflammatory medication that may cause gastric irritation. AvoFlex is safe, efficacious and highly tolerable."

See Composite Exhibit "A," advertisement for Avoflex.

11. The clinical trials referenced in Defendant's advertising are as follows: Blotman F, Maheu E, Wulwick A, Caspard H, Lopez A, *Efficacy and safety of avocado/soybean unsaponifiables in the treatment of symptomatic osteoarthritis of the knee and hip*, Rev Rhum Engl Ed 1997:64:825-834; Maheu E, Mazieres B, Valat JP, Loyau G, Le Loet X, Bourgeois P, Grouin JM, Rozenberg S., *Symptomatic efficacy of avocado/soybean unsaponifiables in the treatment of osteoarthritis of the knee and hip*, Arthritis and Rheumatism 1998:41:81-91; Boumediene K, Fellisaz N, Bogdanowicz P, Galera P, Guillou GB, Pujol JP, *Avocado/soya unsaponifiables enhance the expression of transforming growth factor _1 and _2 in cultured*

4

Case No._____

*articular chondrocytes*, Arthritis and Rheumatism 1999:42:148-156; and Appelboom T, Schuermans J, Verbruggen G, Henrotin Y, Reginster, JY , *Symptoms modifying effect of avocado/soybean unsaponifiables (ASU) in knee osteoarthritis*, Scand J. Rheumatol 2001:30:242-7.

12.  The import and intent of Defendant's Avoflex advertisements is that the above referenced clinical studies were premised upon the Defendant's Avoflex product or alternatively, that Defendant's ASU product is the equivalent to the product that was analyzed in the clinical trials. Neither assertion is true as the clinical trials were premised upon Plaintiff's product and, further, Defendant's Avoflex product is not the equivalent in composition to Plaintiff's ASU product.

13.  Upon information and belief, Defendant's Avoflex product has a significantly different chemical composition and a different active principle from the product tested in Plaintiff's clinical studies. Specifically, upon information and belief, Defendant's Avoflex product contains a mixture of avocado/soybean unsaponifiable which in addition to differing significantly from Plaintiff's ASU, is present in a much smaller proportion in the Defendant's product and therefore cannot be bio-effective and cannot be supported by Plaintiff's clinical studies. Further, upon information and belief, the properties of avocado/soybean unsaponifiable mixtures, if any, in Defendant's product would not be effective in treating the symptoms of osteoarthritis. Therefore, Defendant's use of Plaintiff's clinical studies to promote the efficacy of AvoFlex to treat osteoarthritis is literally false advertising. Accordingly, Plaintiff, concurrently with the filing of this Complaint, demanded that Defendant immediately cease and desist all activity concerning the misleading advertisements for Avoflex and any obvious

Case No._____

variations thereof which attempts, illegally, to destroy the market for Expanscience's high quality ASU products, just as the products are being introduced into the United States' neutraceutical marketplace.

14. By reason of Defendant's acts, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits Plaintiff would have made, but for Defendant's acts. Accordingly, Plaintiff seeks injunctive relief, an accounting, recovery of lost profits, and compensatory, enhanced, punitive and/or statutory damages in an amount to be determined at trial. Unless Defendant is restrained and enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

15. Plaintiff has retained the undersigned counsel to represent it in this matter, and is obligated to pay its counsel a reasonable fee for services rendered.

### COUNT ONE
### (VIOLATION OF 15 U.S.C. §1125(A) (SECTION 43(A)(1) OF THE LANHAM ACT))(FALSE ADVERTISING)

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. Defendant's advertisements citing clinical studies conducted for Plaintiff's ASU product to promote Avoflex are literally false. The clinical studies do not establish that Defendant's products would be effective in treating the symptoms of osteoarthritis.

18. Defendant's advertisements have the capacity to deceive consumers..

19. Defendant's reference to the clinical studies conducted for Plaintiff's ASU product to promote Avoflex are a material misrepresentation, likely to affect a consumer's decision to purchase Defendant's products.

Case No._____

20.     Defendant's literally false advertisements and material misrepresentations constitute acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

21.     Plaintiff is likely to be injured as a result of Defendant's false advertising.

22.     As a result, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, and is entitled to damages, profits, costs and attorney's fees pursuant to 15 U.S.C. § 1117.

23.     Unless Defendant is enjoined from continuing the aforementioned illegal acts, Plaintiff will continue to suffer irreparable harm.

## COUNT TWO
### (VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-15 of this Complaint with the same force and effect as if fully set forth herein.

25.     Defendant's distribution and sale of Avoflex using false and misleading references to the above referenced clinical studies to deceive customers into believing the efficacy of Avoflex for treating osteoarthritis constitutes deceptive, unfair and unconscionable trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, §501.204, Fla.Stat. (2002), as a result of which Plaintiff is entitled to injunctive relief pursuant to section §501.211, Fla.Stat. (2002).

26.     Unless Defendant is enjoined from continuing the aforementioned illegal acts, the consuming public will continue to be misled with their purchasing selections and Plaintiff will continue to suffer irreparable harm.

Case No._____

## COUNT THREE
### (UNFAIR COMPETITION UNDER FLORIDA COMMON LAW)

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 15 of this Complaint with the same force and effect as if fully set forth herein.

28. Defendant's willful and knowing unauthorized and intentionally false use of the referenced clinical studies to promote the sale of Avoflex has or is likely to deceive Avoflex customers as to material aspects of the efficacy of that product..

29. Defendant's conduct and acts constitute unfair competition under Florida common law because such conduct and acts are likely to confuse and deceive potential consumers of Plaintiff's ASU product.

30. Defendant has engaged in this activity knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against them, in an amount to be determined at trial.

31. Defendant's tortious actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Plaintiff.

## COUNT FOUR
### (INJURY TO BUSINESS REPUTATION IN VIOLATION OF FLORIDA LAW)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

33. Defendant's deliberate and intentional false use of the referenced clinical studies to promote sales of Avoflex creates a likelihood of injury to Plaintiff's goodwill and business reputation in violation of §495.151, Fla.Stat. (2002).

8

Case No._____

34. Defendant's tortious actions have caused Plaintiff to sustain damage, loss and injury.

35. Defendant's tortious actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Plaintiff for which it has no adequate remedy at law.

## COUNT FIVE
## (UNJUST ENRICHMENT)

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

37. Defendant's use of the referenced clinical studies to promote the sale of Avoflex exploits the good will of Plaintiffs' reputation in the efficacy of ASU for treatment of osteoarthritis. Plaintiff has created and developed ASU through many years of hard work, extensive upscale advertising campaign and a long development of clinical studies. Defendant is and will be unjustly enriched by such use in violation of Florida common law. Plaintiff is therefore entitled to injunctive relief and damages, including punitive damages.

38. Unless Defendant is enjoined from continuing the aforesaid illegal acts, Plaintiff will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

A. On all Counts, issue a preliminary and permanent injunction restraining, enjoining and prohibiting Defendant, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with Defendant or on its

Case No._____

behalf, from: (i) falsely advertising or promoting Avoflex in the manner described in this Complaint; (ii) engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of any of Plaintiff's rights as enumerated above; and (iii) secreting, destroying, altering, removing, or otherwise dealing with any books or records which contain any information relating to the advertising or promoting of Avoflex;

B.      On all Counts, issue an order directing that Defendant deliver for destruction all unauthorized advertisements, in whatever form, in its possession which use the referenced clinical studies to falsely advertise Defendant's product, or any simulation, reproduction, copy or colorable imitation thereof, and all drawings, directions, designs and other means of replicating such advertisements, as well as its inventory of Avoflex;

C.      On all Counts, issue an order directing that Defendant be required to place a retraction in trade magazines, on the internet and any other media or place in which it has made false statements concerning its Avoflex products in connection with the referenced clinical studies;

D.      On Count One, award damages in an amount yet to be determined but equal to the greater of Defendant's profits or Plaintiff's actual damages, plus pre-judgment and post-judgment interest, costs and attorneys' fees associated with this action, and enhanced damages up to treble damages, pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117;

E.      On Count Two, award Plaintiff preliminary and permanent injunctive relief under §501.211, Fla.Stat. (2002);

F.      On Count Three, award Plaintiff damages in an amount yet to be determined, but equal to the greater of Defendant's profits or Plaintiff's actual damages, plus pre-judgment and

Case No._____

post-judgment interest, costs and attorneys' fees associated with this action, pursuant to the Florida common and statutory law of unfair competition, plus punitive or exemplary damages as a result of Defendant's knowing, willful, wanton and intentional infringement of Plaintiff's rights under Florida Law;G. On Count Five, award actual and punitive damages sustained by Plaintiff attributable to Defendant's unjust enrichment from its infringing activities, including but not limited to an accounting of Defendant's profits;

H. On all Counts, award Plaintiff the costs of the action, including reasonable attorney's fees; and

I. On all Counts, award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

COUNSEL FOR PLAINTIFF

FELDMAN, GALE & WEBER, P.A.
Miami Center, 19th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: 305-358-5001
Telefax: 305-358-3309

By:_____
Jeffrey D. Feldman
Florida Bar No. 330302
E-Mail: jfeldman@FGWLaw.com
Samuel A. Lewis
Florida Bar No. 55360
E-Mail: slewis@FGWLaw.com
Erica W. Stump
Florida Bar No. 427632
E-Mail: estump@fgwlaw.com

Case No._____

and

Maxim H. Waldbaum (MW-4615)
Lora A. Moffatt (LM-4084)
Lori D. Greendorfer (LG-0064)
SALANS
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Tel: (212) 632-5500
Fax: (212) 632-5555

Case 1:03-cv-20968-CMA   Document 1   Entered on FLSD Docket 04/23/2003   Page 13 of 17





Avocado/Soy Unsaponifiables (ASU)

# Nutraceutical Ingredients You Can Trust

# The Natural Vegetable Alternative for Joint Support

## Quick Facts

**Trademark:** AvoFlex™

**Active Ingredient:** 10% Avocado and Soy Unsaponifiables (ASU)

**Therapeutic Benefits:** Helps reduce joint inflammation and pain in patients suffering from osteoarthritis.

**Recommended Dosage:** 300 mg two times per day.

1851 Kaiser Avenue
Irvine, California 92614-5707

Phone: 888.992.9839
Fax: 949.622.9033

Email: sales@cyvex.com
Website: www.cyvex.com



EXHIBIT
Composite
A



# Avoflex™ (ASU)
## Avocado/Soy Unsaponifiables (ASU)

## Nutraceutical Ingredients You Can Trust

### Clinical Studies Published in Peer-Reviewed Scientific Journals Show that ASU:

- **Inhibits pro-inflammatory cytokines (interleukin-1).**
- Increases synthesis of collagen by articular chondrocytes and sinoviocytes.
- **Stimulates production of proteoglycans in chondrocytes affected by arthritis.**
- Reduces the need for analgesics or non-steroidal anti-inflammatory drugs (NSAIDS).

AvoFlex is an all-natural plant product standardized to contain a minimum of 10% avocado/soy unsaponifiables. ASU has been shown to reduce inflammation and pain in the joints of patients suffering from osteoarthritis. The effects of ASU are also lasting, decreasing the need for patients to use anti-inflammatory medication that may cause gastric irritation. AvoFlex™ is safe, efficacious and highly tolerable. Each batch is tested for sterol content by an independent laboratory using a GC method.

References:
1. Khayyal MT, El-Ghazaly MA. The possible "chondroprotective" effect of the unsaponifiable constituents of avocado and soy in vivo. Drugs Expll Clin Res 1988;XXIV(1):41-50.
2. Blotman F, Jaheu E, Wulwik A, Caspard H, Lopez A. Efficacy and safety of avocado/soybean unsaponifiables in the treatment of symptomatic osteoarthritis of the knee and hip. Rev Rhum Engl Ed 1997;64:825-834.
3. Maheu E, Mazieres B, Valat JP, Lyau G, Le Loet X, Bourgeois P, Grouin JM, Rozenberg S. Symptomatic efficacy of avocado/soybean unsaponifiables in the treatment of osteoarthritis of the knee and hip. Arthritis and Rheumatism 1998;41:81-91.
4. Boumediene K, Follisaz N, Bogdanowicz P, Galera P, Guillo GB, Pujol JP. Avocado/soya unsaponifiables enhance the expression of transforming growth factor _1 and _2 in cultured articular chondrocytes. Arthritis and Rheumatism 1999;42:148-156.
5. Reginster JY, Gillot V, Bruyere O, Henrotin Y. Evidence of nutriceutical effectiveness in the treatment of osteoarthritis. Current Rheumatology Reports 2000;2:472-477.
6. Gaby A. Natural treatments for osteoarthritis. Altern Med Rev 1999;4(5):330-341.
7. Appelboom T, Schuermans J, Verbruggen G, Henrotin Y, Reginster, JY. Symptoms modifying effect of avocado/soybean unsaponifiables (ASU) in knee osteoarthritis. Scand J Rheumatol 2001;30:242-7.



**NPI center**

The #1 Natural Products business-to-business center

For the latest daily news, visit our Web site:
http://www.npicenter.com

**For Immediate Release**

Date: 12/12/2002

**For More Information Contact:**
Cecilia McCollum
Cyvex Nutrition
Email Address: cecilia@cyvex.com
Telephone: 949-622-6030 ext. 16

## Cyvex Introduces Avoflex(R) to U.S. Market

IRVINE, Calif. And LAS VEGAS, Nev., December 4, 2002 - Cyvex Nutrition, a leading developer and manufacturer of unique ingredients for the dietary supplement industry, announced today that Cyvex scientists have developed AvoFlex, ASU (avocado/soy unsaponifiables) a natural and safe ingredient that reduces inflammation and other symptoms of osteoarthritis. AvoFlex is being introduced as the plant alternative to chondroitin sulfate to the nutraceutical industry.

Osteoarthritis is a debilitating joint disorder associated with the wearing down and erosion of cartilage and is the most common form of arthritis. Nearly 16 million people in the United States suffer from pain, stiffness and decreased range of motion as a result of osteoarthritis. Anti-inflammatory drugs and analgesics have traditionally been used to treat osteoarthritis. However, side effects are common with these treatments.

"AvoFlex reduces the need for anti-inflammatory drugs which invariably have side effects," said Gilbert Gluck, president of Cyvex Nutrition. "Our team of scientists developed this natural, plant-derived efficacious ingredient, which represents a major breakthrough in the alternative treatment of osteoarthritis."

Clinical studies have concluded that avocado/soy unsaponifiables address inflammatory conditions due to osteoarthritis by inhibiting interleukin-1 and by stimulating the production of collagen within the articular chondrocytes. These same studies also substantiate avocado/soy unsaponifiables' therapeutic efficacy, tolerability and safety.

ABOUT CYVEX NUTRITION
Cyvex Nutrition, headquartered in Irvine, California, has been dedicated to the research and development of innovative ingredients for the nutritional supplement industry since 1984. Each nutraceutical ingredient developed by Cyvex meets strict standards of efficacy, safety and quality control before they are introduced to the industry. Cyvex Nutrition is well recognized in the dietary supplement industry for their innovative, high quality ingredients, their uncompromising commitment to science, as well as their excellent technical support and customer service.

For more information about Cyvex Nutrition, along with a complete list of Cyvex products, visit www.cyvex.com or call 1-888-99-CYVEX, ext.16.

≏Top

```
JS 44
(Rev. 12/96)
```
Case 1:03-cv-20968-CMA   Document 1   Entered on FLSD Docket 04/23/2003   Page 16 of 17

# CIVIL COVER SHEET

03-20968

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Laboratories Expanscience, S.A.

**DEFENDANTS**  CIV-HUCK
Cyvex Technologies, Inc. d/b/a Cyvex Nutrition

MAGISTRATE
BANDSTRA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___France___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Docket: 03CV20968 HUCK WCT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey D. Feldman & Samuel A. Lewis
201 S. Biscayne Blvd., #1920, Miami, Fl. 33131

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

False advertising and unfair competition in violation of 15 USC Sec. 1125(a)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____  DOCKET NUMBER _____

DATE  4/22/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 881166  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

AO 120 (Rev. 2/99)

| COMMISSIONER OF PATENTS & TRADEMARKS<br>2121 CRYSTAL DRIVE<br>SUITE 1100<br>ARLINGTON, VA 22201 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ____Southern District of Florida____ on the following ☐ Patents or ☐ Trademarks:

| DOCKET NO.<br>03-cv-20968-Huck | DATE FILED<br>4/22/03 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br>Laboratoires Expanscience, S.A. | | DEFENDANT<br>Cyvex Technologies, Inc. D/b/a Cyvex Corporation |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>lk | DATE<br>4/24/03 |
|---|---|---|

**Copy 1**—Upon initiation of action, mail this copy to Commissioner    **Copy 3**—Upon termination of action, mail this copy to Commissioner
**Copy 2**—Upon filing document adding patent(s), mail this copy to Commissioner    **Copy 4**—Case file copy